The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 9, 2011, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 9, 2011



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-20997 |
| | ) | |
| WILLIAM D. WARNER, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| MARVIN A. SICHERMAN, | ) | No. 11-1032 |
|     Plaintiff-Trustee, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| WILLIAM D. WARNER, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the plaintiff-trustee's complaint seeking denial of the debtor-defendant's discharge under 11 U.S.C. § 727 or, in the alternative, dismissal of the debtor's chapter 7 case

---

[1] This opinion is not intended for official publication.

under 11 U.S.C. § 707(a)(1). The Court held a trial on October 26, 2011, at which the debtor and the chapter 7 trustee both testified. The parties also stipulated to a number of facts. For the reasons that follow, the Court enters judgment in favor of the trustee and dismisses the debtor's case for cause. In addition, the Court declines to address the trustee's request for alternative relief – *i.e.*, denial of the debtor's discharge under 11 U.S.C. § 727.

## JURISDICTION

A motion to dismiss a bankruptcy case pursuant to 11 U.S.C. § 707(a) is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and a claim for denial of discharge pursuant to 11 U.S.C. § 727(a)(3) is a core proceeding under 28 U.S.C. § 157(b)(2)(J). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order Number 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FINDINGS OF FACT

Prior to trial, the parties made the following stipulations of fact:

1. This adversary proceeding is within the core matter jurisdiction of the Bankruptcy Court, and the parties consent to the Bankruptcy Court's entry of a Final Judgment in this proceeding.

2

2. On November 8, 2010, the Defendant, William D. Warner (the "Debtor"), filed a petition in the United States Bankruptcy Court for the Northern District of Ohio seeking relief under chapter 7 of title 11 of the United States Code (the "Debtor's Case").

3. The Plaintiff, Marvin A. Sicherman, is the duly appointed and acting Trustee in Bankruptcy in the Debtor's Case.

4. Pursuant to this Court's Order entered on November 8, 2010, the meeting of creditors to be held in the Debtor's Chapter 7 case pursuant to 11 U.S.C. §341 (the "Meeting of Creditors" or the "Meeting"), was originally scheduled for December 13, 2010 at 12:00 (noon) at the office of the United States Trustee.

5. The Debtor appeared with counsel at the Meeting, which was partly held and adjourned to December 28, 2010 at 8:30 A.M., to complete the examination of the Debtor as the Debtor had testified or indicated that he was engaged in "brokering" motor vehicles and had rental income. Information as to his business activity was necessary to complete the examination.

6. The Debtor was advised and instructed to appear and produce his IRS Forms 1099 from Warner's Used Car World and/or W-2's for the

3

three (3) years prior to the commencement of the Debtor's case under title 11 of the U. S. Code.

7. The Debtor and his counsel both failed to appear on December 27, 2010 for the adjourned Meeting, and by reason thereof the Meeting was adjourned to January 10, 2011 at 8:30 A.M., and successively thereafter to 8:30 A.M. on each of January 24, 2011 and February 7, 2011, at which times the Debtor's counsel was present but the Debtor repeatedly failed to appear.[2]

8. On February 7, 2011, at the then adjourned Meeting, the Debtor's counsel reported to the Trustee that the Debtor appeared to be unable or unwilling to produce IRS Forms 1099 or W-2's for the three (3) years preceding the commencement of the Debtor's case under title 11 of the U. S. Code.

9. On March 14, 2011, the Trustee sent to the Debtor's counsel the Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admissions Directed to Defendant (the "Plaintiff's Request"), a copy of which is attached [to the stipulations and]

---

[2] At trial, this stipulation was corrected by the parties to include the fact that on January, 24, 2011, the debtor did appear at the meeting of creditors, but did not have the requested records with him.

labeled as Pl. Ex. 1.

10. In response to the Plaintiff's Request, the Debtor provided the Trustee with the Defendant's Response to Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admissions directed to Defendant (the "Debtor's Response"), a copy of which is labeled as Pl. Ex. 2.

11. The Debtor produced and attached the following documents to the Debtor's Response:

   A. Debtor's 2009 Form 1099-MISC from Warners (sic) World of Cars, a copy of which is separately labeled as Pl. Ex. 3; and

   B. Undated W-2 information from the entity Consolidated Systems, Inc., with a handwritten description thereon, which reads "W'2 info," a copy of which is separately labeled as Pl. Ex. 4.

12. Plaintiff's Exhibits 1, 2, 3, and 4 attached [to the stipulations] are authentic copies of the original documents and are admissible in this proceeding.

(Stipulations, Dkt. #14).

In addition to these stipulations, the Court finds the following facts. These

findings of fact reflect the Court's weighing of evidence, including consideration of the credibility of the witnesses. "In doing so, the court considered each witness's demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language, or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of the witnesses, as well as all exhibits admitted into evidence.

In the three years preceding the debtor's bankruptcy case, the debtor was employed with businesses other than Warner's World of Cars. On February 9, 2011, the plaintiff-trustee, Marvin Sicherman, initiated this adversary proceeding seeking denial of the debtor-defendant's discharge under 11 U.S.C. § 727 or, in the alternative, dismissal of the debtor's chapter 7 case under 11 U.S.C. § 707(a)(1). Specifically, the trustee asserts that the debtor's discharge should be denied because, without justification, the debtor failed to keep or preserve certain financial records from which the debtor's financial condition or business transactions might be ascertained. Alternatively, the trustee alleges that the debtor's failure to attend multiple adjourned meetings of creditors and inability to provide requested documentation constitute unreasonable delay that is

prejudicial to creditors and therefore cause for dismissal under
11 U.S.C. § 707(a)(1).

The debtor claims that he was unable to attend two of the four adjourned meetings of creditors because he was in a car accident prior to one of the meetings and missed the other because he was in Florida seeking employment. The debtor asserts that he attempted in good faith to comply with the trustee's request for records, but was not able to produce the documents because he relied on his accountant for managing those records. Further, the debtor claims that he entrusted all copies of his tax records for the requested years to his accountant and was not able to retrieve them upon request to that accountant.

## CONCLUSIONS OF LAW

The trustee's adversary complaint seeks denial of the debtor's discharge under 11 U.S.C. § 727 or, in the alternative, dismissal of the debtor's chapter 7 case under 11 U.S.C. § 707(a)(1). Although the adversary complaint seeks denial of the debtor's discharge under a number of theories, at trial the trustee limited himself to 11 U.S.C. § 727(a)(3).[3] As explained more fully below, the Court

---

[3] 11 U.S.C. § 727(a)(3) provides:
    (a) The court shall grant the debtor a discharge, unless–
        . . . .
        (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including

7

declines to address the trustee's claim seeking denial of the debtor's discharge under 11 U.S.C. § 727(a)(3). Rather the Court finds that the facts presented at trial and by stipulation establish that the trustee is entitled to judgment on his alternative claim – *i.e.*, dismissal of the debtor's Chapter 7 case for cause under 11 U.S.C. § 707(a).

I. DISMISSAL FOR CAUSE UNDER 11 U.S.C. § 707(a)

Section 707(a) of the Bankruptcy Code provides for dismissal of a chapter 7 case "for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors . . . ." 11 U.S.C. § 707(a)(1). The three examples of cause in paragraphs (a)(1), (a)(2), and (a)(3) of section 707 are not exhaustive. *See In re Zick*, 931 F.2d 1124, 1126-27 (6th Cir. 1991); *see also In re Alt*, 305 F.3d 413, 418 n.2 (6th Cir. 2002) (interpreting "cause" for dismissal under analogous provision in chapter 13, 11 U.S.C. § 1307(c), and noting that enumerated grounds constituting "cause" are not exhaustive). The trustee has the burden of establishing cause by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279 (1991) (preponderance-of-the-evidence standard presumed to be

---

> books, documents, records, and papers, from which the debtor's financial condition or busisness transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

8

11-01032-aih    Doc 20    FILED 12/09/11    ENTERED 12/09/11 08:26:27    Page 8 of 15

applicable in civil actions between private parties); *In re Simmons*, 200 F.3d 738, 743 (11th Cir. 2000) ("[B]urden for showing cause [under section 707(a)] is on the moving party."); *see also In re Alt*, 305 F.3d at 419 (party seeking dismissal for cause has burden of proof under analogous provision in chapter 13). The Court must engage in a case-by-case analysis in determining whether sufficient cause is present to warrant dismissal, taking into account the interests of both the debtor and the creditors. *See In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2nd Cir. 1997).

Section 521(a)(3) requires that the debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[.]" 11 U.S.C. § 521(a)(3). " '[C]ooperate' is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." 4 *Collier on Bankruptcy* ¶ 521.15[5] (16th ed. 2011). "It is essential that debtors assist the trustee in the administration of their cases." *In re McDonald*, 25 B.R. 186, 188 (Bankr. N.D. Ohio 1982). Courts have held that where a debtor fails to cooperate with the trustee, the trustee's inability to effectively administer the estate constitutes cause under § 707(a). *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (dismissing case for cause under section 707(a) where trustee was unable to administer estate, and auditor

9

was not able to audit, because debtor failed to cooperate, provide recorded information, and appear for section 341 meeting); *In re Moses*, 792 F.Supp. 529, 531 (E.D. Mich. 1992) ("[D]ismissal [under section 707(a)] may be premised on the failure of a debtor to perform his duties, including the duty to cooperate with the trustee and provide the requisite information."), *aff'd*, 227 B.R. 98 (E.D. Mich. 1996); *In re Peklo*, 201 B.R. 331, 334 (Bankr. D. Conn. 1996) (dismissing for cause under section 707(a) because of trustee's inability to administer the estate where debtor refused to answer questions).

Although the trustee's adversary complaint cites to 11 U.S.C. § 707(a)(1), the Court finds that the trustee has sufficiently pleaded "cause" for dismissal based on the debtor's failure to cooperate with the trustee. Indeed, the adversary complaint specifically alleged that "the Debtor has failed to appear and submit to a complete examination under oath and failed to cooperate with the Trustee to enable the Trustee to perform his duties." Complaint (Docket #1) at ¶10.

In this case, at the first meeting of creditors, the debtor indicated that he was engaged in "brokering" motor vehicles and had rental income. The meeting was adjourned to December 28, 2010, in order for the trustee to inquire further into the debtor's business activities because the information was necessary for the trustee to effectively administer the estate. The trustee instructed the debtor to appear at

the adjourned meeting and provide either his Internal Revenue Service Forms 1099 from Warner's World of Cars or his W-2 Forms for the three years prior to filing his bankruptcy petition. The debtor failed to appear at the first and second adjourned meeting of creditors, appeared at the third adjourned meeting without the requested documentation, and did not appear at the fourth adjourned meetings. In response to discovery requests in this adversary proceeding, the debtor only provided his Form 1099 from 2009 and undated W-2 information from one of the businesses for which he had previously worked. The debtor failed to provide the majority of the requested records.

The parties stipulated that at the final meeting of creditors, the debtor's attorney reported that the debtor appeared to be unable or unwilling to produce the requested records. Also, both parties stipulated that the information as to the debtor's business activities was necessary to complete the section 341 examination. At trial, when asked if he was able to ascertain the debtor's financial condition based upon the information provided, the trustee responded, "No, there were no records. I had no idea what business activity went on as a broker, and no way of finding out." When asked if he was able to administer the debtor's estate without that knowledge, the trustee stated, "Can't administer that which I don't know whether it exists or not."

11

The Court finds that the debtor's failure to cooperate with the trustee by not providing the requested records and not appearing at three of the four adjourned meetings prevented the trustee from being able to effectively administer the debtor's estate. Taking into account the interests of both the debtor and the creditors, dismissal is appropriate when a trustee is unable to effectively administer the estate. In addition, the Court does not find the debtor's various excuses to be credible. If the debtor were truly earnest about cooperating with the trustee and providing the requested information, he could have gone to his accountant or someone from his family's car business and requested the information sought by the trustee. Instead, the debtor did almost nothing, even belatedly, to provide the trustee with the requested records during the eight months that this adversary proceeding was pending before trial. Therefore, the trustee has met his burden of establishing cause for dismissal under 11 U.S.C. § 707(a).

## II. DISMISSAL FOR CAUSE UNDER 11 U.S.C. § 707(a)(1)

If a reviewing court were to find that the debtor's failure to cooperate with the trustee is insufficient cause for dismissal under 11 U.S.C. § 707(a), then this Court would further find cause for dismissal under the express provision of 11 U.S.C. § 707(a)(1) – "unreasonable delay by the debtor that is prejudicial to creditors." In this case, the debtor's delay in producing the requested records was

unreasonable.  Even after four adjourned meetings of creditors spanning eight weeks, the debtor failed to produce his Forms 1099 for two of the requested three years and his W-2 Forms for an undetermined number of businesses that he worked for during the requested three years.  The debtor's claim that he made "numerous attempts" to contact his accountant is not a sufficient excuse for his delay.  At trial, the debtor testified that he had provided his accountant with the information necessary to complete his taxes and therefore could have provided that same information to the trustee.  Also at trial, when asked if he made any inquiries for the requested information to the businesses with which he was previously employed, other than Warner's World of Cars, the debtor replied, "No, I haven't."  Under these circumstances, the Court finds that the debtor's delay for over eight weeks to provide the requested information was unreasonable.

Prejudice to creditors exists in this case because the debtor's failure to provide the trustee with the requested records compelled the trustee to file this adversary proceeding and incur costs that will constitute administrative expenses against the estate pursuant to section 503(b)(2).  If no assets are recovered, the trustee as creditor will have incurred administrative expenses that will go unpaid.  If assets are recovered, creditors with claims that are lower in priority will likely receive less as a result of the trustee having to initiate this adversary proceeding.

13

Further, the debtor's unreasonable delay in producing the requested documentation prevented the trustee from ascertaining the extent of the debtor's interest in Warner's World of Cars and whether the debtor had any unreported income. Accordingly, cause for dismissal also exists under the express provision of 11 U.S.C. § 707(a)(1).

### III. DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

While the Court has no trouble deciding that the trustee has met his burden of proof on his claim seeking dismissal of the debtor's case for cause, the trustee's alternative claim seeking denial of the debtor's discharge is more problematic. Because the trustee initiated this adversary proceeding immediately after it became clear that the debtor had failed to cooperate with the trustee in producing relevant documents, it is difficult for the Court to determine whether the debtor failed to keep or preserve records within the meaning of section 727(a)(3) or, on the other hand, simply failed to cooperate with the trustee in timely turning over records that the debtor could have obtained from his accountant with minimum effort. Nor does the Court believe that the debtor's noncompliance with written discovery requests *after this adversary proceeding had been commenced* should form the basis of the trustee's section 727(a)(3) claim alleged in the adversary complaint. While noncompliance with written discovery requests is not to be condoned, such

noncompliance is subject to its own sanctions. *See* Fed. R. Bankr. P. 7037. In any event, the Court declines to address the trustee's request for alternative relief – *i.e.*, denial of the debtor's discharge under 11 U.S.C. § 727 – since the Court grants the trustee's claim seeking dismissal of the debtor's case under 11 U.S.C. § 707(a). Nevertheless, should the trustee still seek a ruling on his claim under section 727(a)(3), the trustee should file an appropriate motion under Fed. R. Bankr. P. 7052 or 9023 within 14 days.

## CONCLUSION

For the reasons stated above, the Court enters judgment in favor of the trustee and dismisses the debtor's case for cause under 11 U.S.C. § 707(a). The Court declines to address the trustee's request for alternative relief – *i.e.*, denial of the debtor's discharge under 11 U.S.C. § 727. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.